IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TODD HECKMAN                         :
                                     :
v.                                   :     Civil No. CCB-12-664
                                     :
RYDER TRUCK RENTAL, INC., *et al.*   :
                                     :

# MEMORANDUM

Plaintiff Todd Heckman, who has brought this action against defendants Ryder Truck Rental and Mickey Truck Bodies ("Ryder") for injuries sustained after a door strap attached to one of the defendants' trucks broke, seeks an order permitting the production and destructive testing of door straps from the truck involved in the 2009 incident. For the reasons set forth below, Heckman's motion will be denied.

In *Mirchandani v. Home Depot, U.S.A., Inc.*, the court identified a four-factor balancing test for determining when a motion to permit destructive testing should be granted. 235 F.R.D. 611, 614 (2006).[1] The court should determine:

> (1) Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; (2) Whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way; (3) Whether there are any less prejudicial alternative methods of obtaining the evidence sought; and (4) Whether there are adequate safeguards to minimize the prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial.

---

[1] As the court noted in *Mirchandani*, whether such a motion falls under Fed. R. Civ. P. 34 or 26 is, as a technical matter, debatable. *See* 235 F.R.D. at 613. Ryder asserts that Heckman's motion is procedurally defective because he never formally served a request to perform the particular destructive testing sought. As the e-mail exhibits attached to the plaintiff's motion demonstrate, however, Heckman had served a request for destructive testing of straps from the trailer involved in the incident, but was told, apparently incorrectly, that this would not be possible because straps of the same kind were no longer attached to the trailer in question. Accordingly, the court finds that Heckman's motion is procedurally appropriate, under the circumstances.

1

*Id.*

First, Heckman has not demonstrated that the testing sought is necessary or relevant, though it may be reasonable (given that the straps are a minor, interchangeable part of the truck). "[A] party may not use destructive testing merely to bolster an expert opinion . . . [t]he evidence sought must be integral to proving the movant's case and do more than strengthen an already established claim . . . ." *Mirchandani*, 235 F.R.D. at 615. As the defendants point out, they provided Heckman with straps to perform whatever tests his experts deemed necessary, his experts have proffered their opinions and have been deposed, and Heckman has provided no basis for needing the additional straps for testing other than suggesting they would be helpful because they are attached to the trailer involved in the incident. But, as the defendants point out, Heckman has offered no reason to believe that the straps *now* attached to that trailer are more closely comparable to the one that broke than the ones he already tested (other than arguing they *may* have similar wear-and-tear). The one that broke in the incident, both parties concede, disappeared prior to this suit. Heckman was free to subject the provided straps to whatever stress and wear-and-tear his experts deemed appropriate, and the mere association of the sought-after straps with the particular truck involved in the incident has no relevance here, as it has been too long to assume that the other straps would better approximate the one that broke than the similar straps that have already been provided.

Even though the miscommunications regarding whether similar straps were still attached to that particular truck may have been frustrating to Heckman, there is no indication that Ryder failed to provide straps from that truck in order to mislead or confuse Heckman's experts. In fact, the reason Ryder now resists further testing relates to the second *Mirchandani* factor: given that discovery has all but ended and Heckman's experts have submitted their reports and been
2

deposed, reopening discovery to permit additional testing and a second round of expert opinions would be prejudicial and costly to the defendants. And, under the third factor, the straps that were already provided and tested, and that apparently form the basis of Heckman's expert opinions, were a less prejudicial alternative method of obtaining the information about the straps that Heckman sought. Heckman has offered to work with the defendants to develop a protocol for testing the newly obtained straps, if he were to be granted the motion to compel, but this would not minimize the costs of continuing discovery, particularly in light of the testing and expert testimony already completed in this case. Thus, Heckman has not demonstrated that he is entitled to further destructive testing, and, accordingly, his motion will be denied.

       A separate Order follows.

<u>February 11, 2013</u>                                          <u>/s/</u>
     Date                                                  Catherine C. Blake
                                                           United States District Judge