**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TODD HECKMAN | : | |
| | : | |
| v. | : | Civil No. CCB-12-664 |
| | : | |
| RYDER TRUCK RENTAL, INC., et al. | : | |
| | : | |

## MEMORANDUM ORDER

The pending motions in limine have been considered. My rulings follow:

1. Heckman's motion to preclude his prior criminal conviction, (ECF No. 111), has not been opposed and is **GRANTED**.

2. Heckman's motion to preclude evidence of his workers' compensation claim, (ECF No. 112), has not been opposed and is **GRANTED**.

3. Ryder Truck Rental's ("Ryder's") motion to limit the testimony of Heckman's experts Thomas W. Butler and Brooks Rugemer, (ECF No. 115), by precluding both witnesses from testifying as to the condition of the strap at the time it was last inspected by Ryder, has not been opposed and is **GRANTED**.

4. Ryder's motion to limit Heckman's testimony concerning his head injury and cognitive deficits, (ECF No. 114), is **DENIED WITHOUT PREJUDICE** at this time. At the very least, that testimony is relevant to the scope and severity of Heckman's injuries and thus to his damages. Ryder labels that testimony irrelevant and prejudicial, arguing Heckman cannot, without expert testimony, establish a causal relationship between any injury to his head and his accident.

Not so.  No such expert testimony is necessary to establish causation "when [a] disability develops coincidentally with, or within a reasonable time after, the negligent act, or where the causal connection is clearly apparent from the illness itself and the circumstances surrounding it, or where the cause of the injury relates to matters of common experience, knowledge, or observation of laymen." *Wilhelm v. St. Traffic Safety Comm'n*, 185 A.2d 715, 719 (Md. 1962).  The facts of the accident, Heckman's anticipated testimony, his medical records, and Dr. Michael E. April's anticipated testimony appear sufficient to establish causation here.  *See Galloway v. Horne Concrete Constr.*, 524 F. App'x 865, 871–72 (4th Cir. 2013) (per curiam) (unpublished) (applying *Wilhelm*, 185 A.2d 715).[1]  If any specific item of damages, however, is not supported by the evidence at trial, Ryder may move to strike or exclude that item before the issue is submitted to the jury.

5. Heckman's motion to preclude the testimony of Gregory Paulsen, (ECF No. 110), is **GRANTED IN PART** and **DENIED IN PART**.  For want of "sufficient facts or data" as to the intended use of the door strap, Fed. R. Evid. 702(b), Paulsen is precluded from opining that using the door strap to pull the door up or to pull the door out and away from the trailer would constitute "misuse" of the strap.  Ryder contends that Paulsen relied on the deposition testimony of two Wantz Distributors' employees as to the strap's intended use in the context of their employment.  (Def.'s Opp. Mot. In Limine 2, ECF No. 135.)  The contents of those employees' statements, however, do not support Ryder's reading of them.

---

[1] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

(*See* Def.'s Opp. Mot. In Limine, Ex. 1, Spigler Dep. 38; Def.'s Opp. Mot. In Limine, Ex. 2, Strong Dep. 80). Ryder and Paulsen point to nothing else in the record indicating that use of the door strap to pull the door up or to pull the door out and away from the trailer was inconsistent with customary usage of that strap among Wantz employees, other beer distribution businesses, or even the commercial trucking industry. To the contrary, Paulsen's own report and an advertisement brought to his attention on cross examination suggest that such usage *was* customary. (*See* Pl.'s Mot. Preclude Expert Test., Ex.1, Paulsen Report 14, ECF No. 110-1; Pl.'s Mot. Preclude Expert Test., Ex. 2, Paulsen Dep. 42–43, ECF No. 110-2.) Characterizing such usage as "misuse" not only lacks evidentiary support, but also threatens to mislead the jury. *See* Fed. R. Evid. 403. Other of Paulsen's opinions may be admissible and are not addressed here.

6. Ryder's motion to exclude the testimony, report, and affidavit of Heckman's expert, Dennis L. McGarry, (ECF No. 116), is **DENIED**. Ryder's motion is materially indistinguishable from its previous effort to exclude McGarry's opinions from these proceedings. (*Compare* ECF. No. 116, *with* Def. Mot. Exclude McGarry's Test., ECF 90, *and* Reply Pl.'s Opp., ECF No. 94.) For the reasons explained in the Memorandum, (ECF No. 104), accompanying the Order denying Ryder's previous motion, (ECF No. 105), Heckman will be permitted to present McGarry's opinions.

7. Ryder's motion to exclude evidence that, after Heckman's accident, Ryder modified the forms its employees use to document maintenance inspections of

trucks, (ECF No. 113), will be addressed separately at a later time.


<u>September 19, 2014</u>                       <u>            /S/            </u>
Date                                                Catherine C. Blake
                                                    United States District Judge